UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SCOTT MOODY, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| AMW CONSTRUCTION LLC | § § § | COLLECTIVE ACTION |
| Defendant. | § § | PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Scott Moody brings this action individually and on behalf of all current and former Septic Workers (hereinafter "Plaintiff and the Putative Class Members") who worked for AMW Construction LLC (hereinafter "Defendant" or "AMW"), at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1. This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et. seq.*

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for AMW since April 19, 2016 and through the final disposition of this matter, and were not paid overtime at a rate of time-and-one-half for all hours worked over forty (40) in each workweek.

3. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

4. Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

5. The decision by AMW not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

6. AMW knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members were (and are) Septic Workers responsible for installing, repairing, and cleaning out septic systems throughout Nueces and San Patricio Counties.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Scott Moody ("Moody") was employed by AMW within the meaning of the FLSA, within this judicial district, and within the relevant three-year period. Plaintiff Moody did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Scott Moody is attached hereto as Exhibit "A."

11.  The Putative Class Members are those current and former Septic Workers who were employed by AMW at any time from April 24, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Moody worked and was paid.

12.  Defendant AMW Construction LLC (hereinafter "AMW") is a Texas limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for services of process: **Holly R. Yates, 2259 Armstrong Rd., Aransas Pass, Texas 78336.**

## III.
## JURISDICTION & VENUE

13.  This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201, *et. seq*.

14.  This Court has personal jurisdiction over AMW because the cause of action arose within this district as a result of AMW's conduct within this District and Division.

15.  Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

16.  Specifically, AMW is headquartered in Aransas Pass, Texas, and Plaintiff and the Putative Class Members worked in Aransas Pass, Corpus Christi, and Rockport, Texas throughout their employment with AMW, all of which are located within this District and Division.

17.  Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

18.  AMW provides septic installation, repair, and clean-out services throughout the Aransas Pass, Corpus Christi, and Rockport, Texas areas.[2]

19.  To provide their services, AMW employed (and continues to employ) numerous Septic Workers—including Plaintiff Moody and the individuals that make up the putative or potential class.

---

[2] http://amwsepticservices.com/about-us/

20. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

21. Plaintiff and the Putative Class Members' primary job duties consisted of driving septic trucks, installing septic systems, repairing septic systems, cleaning out septic systems, and dumping waste at disposal sites.

22. Plaintiff Moody was employed by AMW as a Septic Worker from approximately August 2017 until February 2019.

23. Plaintiff and the Putative Class Members are non-exempt employees paid by the hour. Plaintiff and the Putative Class Members were paid straight time for all hours worked.

24. That is, Plaintiff Moody received the same hourly wage for all hours worked, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

25. At all times Plaintiff and the Putative Class Members were blue-collar Septic Workers.

26. Plaintiff Moody worked an average of nine (9) to eleven (11) hours per day, and five (5) to six (6) days per week, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each week.

27. AMW denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

34. AMW applied this pay practice despite clear and controlling law that requires the payment of overtime compensation to its non-exempt employees such as Plaintiffs and the Putative Class Members.

35. The FLSA mandates that overtime be paid a one and one-half times an employee's regular rate of pay.

36. Accordingly, AMW' pay policies and practices violated (and continue to violate) the FLSA.

37. AMW knew or should have known that Plaintiff and the Putative Class Members were entitled to overtime compensation pursuant to the FLSA.

38. AMW's actions therefore constitute willful violations under the FLSA and were not made in good faith.

## V.
## CAUSE OF ACTION

**A. FLSA COVERAGE**

39. All previous paragraphs are incorporated as though fully set forth herein.

40. The FLSA Collective is defined as:

**ALL SEPTIC WORKERS WHO WORKED FOR AMW CONSTRUCTION LLC, AT ANY TIME FROM APRIL 24, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY EACH WEEK. ("FLSA Collective" or "FLSA Collective Members")**

41. At all times hereinafter mentioned, AMW has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

42. At all times hereinafter mentioned, AMW has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

43. Specifically, AMW operates on interstate highways, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

44. During the respective periods of Plaintiff and the Putative Class Members' employment by AMW, these individuals provided services for AMW that involved interstate commerce for purposes of the FLSA.

45. In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

46. Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt Septic Workers who assisted AMW's customers in the Aransas Pass, Corpus Christi, and Rockport area. 29 U.S.C. § 203(j).

47. At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

48. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 40.

49. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of AMW.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

50. AMW violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of

goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

51. Moreover, AMW knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

52. AMW knew or should have known its pay practices were in violation of the FLSA.

53. AMW is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

54. Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted AMW to pay them according to the law.

55. The decision and practice by AMW to not pay Plaintiff and the Putative Class Members overtime at a rate of at least one-and-a-half times their regular rate for all hours worked over forty (40) each week was neither reasonable nor in good faith.

56. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. COLLECTIVE ACTION ALLEGATIONS

57. All previous paragraphs are incorporated as though fully set forth herein.

58. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of AMW's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

59. Other similarly situated employees of AMW have been victimized by AMW's patterns, practices, and policies, which are in willful violation of the FLSA.

60. The FLSA Collective Members are defined in Paragraph 40.

61. AMW's failure to pay Plaintiff and the Putative Class Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of AMW, and does not depend on the personal circumstances of Plaintiff or the Putative Class Members.

62. Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

63. The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

64. All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

65. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

66. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and AMW will retain the proceeds of its violations.

67. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

68. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 40 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

69. Plaintiff respectfully prays for judgment against AMW as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 40 and requiring AMW to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to all putative collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding AMW liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

    d. For an Order awarding the costs of this action;

    e. For an Order awarding attorneys' fees;

    f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    g. For an Order awarding Plaintiff Moody a service award as permitted by law;

    h. For an Order compelling the accounting of the books and records of AMW, at AMW's expense; and

    i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: April 24, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***