UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SCOTT MOODY, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. 2:19-CV-00119 |
| *Plaintiff,* | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| AMW CONSTRUCTION LLC | § § | COLLECTIVE ACTION |
| *Defendant.* | § § | PURSUANT TO 29 U.S.C. § 216(b) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AGREEMENT AND DISMISSAL WITH PREJUDICE**

Plaintiff Scott Moody and Defendant AMW Construction LLC (collectively the "Parties"), file this Joint Motion for Approval ("Motion") of Settlement Agreement ("Agreement") filed as Exhibit "1" to this Motion, asking that the Court: (1) approve the Parties' Agreement as expressed therein, filed as Exhibit 1; and (2) dismiss this Lawsuit with Prejudice in a public filing. The Parties respectfully state as follows in support of this Motion:

**I.
FACTUAL BACKGROUND**

On April 24, 2019, Plaintiff filed suit, individually and on behalf of all others similarly situated, against Defendant for the alleged failure to pay overtime compensation for hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201–19. *See* ECF No. 1. Plaintiff alleges that despite being a non-exempt employee, he was not paid for all of his earned overtime for hours worked over forty (40) in a single workweek. *See id.* Defendant answered this suit on June 7, 2019, denying all allegations and liability. *See* ECF No. 5. After the Parties exchanged initial disclosures Plaintiff created a damage model based on the documents provided to aid in settlement negotiations. Although this lawsuit was initially plead as a collective action pursuant

1

to Section 16(b), Plaintiff did not move for conditional certification and has instead litigated (and settled) this matter in his individual capacity.

The Parties engaged in informal settlement negotiations, and after ongoing negotiations over the course of two weeks, the Parties reached a resolution on September 4, 2019. On that same day the Parties filed a Notice of Settlement with this Court. *See* ECF No. 14. The settlement agreement will provide monetary compensation to Plaintiff and eliminates the risks and expenses both sides would bear should this litigation continue. The Parties believe the settlement, which is memorialized in the Settlement Agreement attached hereto as Exhibit 1, is fair and reasonable and should be approved. Therefore, the Parties respectfully request that the Court sign the Proposed Order Approving the Settlement Agreement and Dismissing this Case with Prejudice.

## II.
## THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF A BONA FIDE DISPUTE.

### A.     A Bona Fide Dispute Exists Between the Parties

Plaintiff alleged that Defendant violated the FLSA because Defendant failed to pay him the proper amount of overtime compensation due pursuant to the FLSA. Based on the records provided, this Settlement will amount to a full recovery of the unpaid back wages for Plaintiff. Defendant at all times denied liability, asserted multiple defenses to Plaintiff's claims, and challenged the alleged hours worked.

### B.     The Settlement Agreement in this Case is Fair and Reasonable

The Court presiding over an FLSA action may approve a proposed settlement of the action under Section 216(b) after scrutinizing the settlement for fairness. *See Dyson v. Stuart Petro. Testers, Inc.*, No. 1:15-cv-282, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) ("[T]he Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for

wages."). Although the class action provision of Federal Rule of Civil Procedure 23 does not apply to collective actions brought pursuant to the FLSA, Rule 23 is similar in that it requires court approval to finalize a class action settlement. *See id.* Therefore, the Rule 23(e) fair and reasonable settlement standard encompasses a fair and reasonable standard under the FLSA. *Id.*

In the Fifth Circuit, district courts are instructed to consider six factors when evaluating he proposed settlement agreement for class actions:

> (1) Whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the state of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Id.* (quoting *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "Significant weight is given to the opinion of class counsel concerning whether the settlement is in the best interests of the class and the court is not to substitute its own judgement for that of counsel." *Marcus v. J.C. Penny Co., Inc.*, No. 6:13-cv-736, 2017 WL 6590976, at *3 (E.D. Tex. Dec. 18, 2017) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Here, the six-factor standard supports approval of the settlement agreement. Plaintiff's counsel has extensive experience litigating FLSA claims and there is no fraud or collusion. Wage and hour cases are expensive and time-consuming, and therefore the expense and likely duration of continued litigation favor approval. The Parties engaged in legal research, document review, and data analysis and performed due diligence before beginning to negotiate a settlement in good faith. The issues pertinent to Plaintiff's claims and Defendant's defenses were well understood and the Parties recognized that the outcome of litigating the case would be uncertain while the risks of continued litigation would be high. Finally, counsel on both sides support the settlement, as does the Plaintiff himself.

    1.    *The Absence of Fraud or Collusion in the Settlement Favors Approval*

An initial presumption exists that a settlement is fair where counsel for the Parties negotiate the settlement at arm's length. *Murillo v. Texas A&M Univ. Sys.*, 921 F. Supp. 443, 445 (S.D. Tex. 1996). Settlement of this litigation was achieved through an informal resolution process and involved multiple offers and counter offers before the Parties agreed on the settlement terms. The Parties took appropriate steps in negotiating the comprehensive settlement agreement, which includes payment to Plaintiff and payment for Plaintiff's attorneys' fees and expenses. There is no indicia of fraud or collusion.

2. *The Complexity, Expense, and Likely Duration of this Case, Were it Not to Settle, Favor Settlement*

The case favors settlement at this stage. Based on the records provided by Defendant, this settlement amounts to a full recovery for Plaintiff of the owed back wages, plus an additional amount for liquidated damages, and a separate amount for Plaintiff's attorneys' fees and costs. Continuing this case would only lead to a rise in attorney's fees and would provide little, if any, additional benefit to Plaintiff.

3. *The Discovery Taken by the Parties Favors Approval of the Settlement*

The Parties engaged both exchanged initial disclosures pursuant to Federal Rule of Civil Procedure 26. The Parties undertook independent factual investigation of Plaintiff's claims and analyzed the legal issues at hand. Based on the record of reported hours and paid hours, this Settlement amounts to a full recovery for Plaintiff of the owed overtime plus an additional amount for liquidated damages.

4. *The Uncertainty of this Litigation Favors Settlement*

Plaintiff and Defendant are well aware of the uncertainty associated with litigation. While Plaintiff is confident in his claims, he also understands that the claims in this case may prove to be unsuccessful, and that collection of any future judgment or award may itself prove problematic. Accordingly, Plaintiff strongly prefers the certainty of the proposed settlement, payable shortly after

4

court approval according to the settlement documents, to the risks and costs associated with continued litigation. Likewise, Defendant understands the risk of litigating the claims at issue and prefer the certainty of the proposed settlement to the risks and costs associated with continued litigation.

     5.    *The Available Range of Recovery and the Uncertainty of Damages Favor Settlement*

Plaintiff Moody contends that he was owed approximately $2,000 in unpaid overtime compensation. He was paid an hourly rate and self-reported the hours. Plaintiff contends he was not paid for all the hours he reported. The self-reported hours and the pay stubs confirm this. Defendant hotly contests that all of those hours were compensable and contends Plaintiff did not actually work all the hours he reported. Accordingly, the settlement amounts are well within the available range of recovery, and the uncertainty of the damages favor settlement.

The risk that Defendant would prevail on its defenses favors settlement, especially in this case where the settlement is near the maximum amount Plaintiff could recover at trial. On the other hand, settlement is equally in Defendant's best interest because the costs of proceeding through trial on the merits are excessive considering the amount of damages at issue. Further, should Plaintiffs prevail on their claims, Defendants would be liable not only for their own costs through trial, but also for the fees and costs of Plaintiffs' counsel. Accordingly, the Parties agree that this settlement is in their best interest.

     6.    *The Opinions of All Parties and Counsel Favor Settlement*

The lawyers of Anderson Alexander, PLLC have litigated almost 300 individual, collective, and class action wage and hour cases of all types and have recovered millions of dollars in these cases on behalf of workers across the United States. Based on this experience, Plaintiff's attorneys can confidently report to the Court that this prong is met. After intense settlement negotiations, an arms-length settlement was reached that, in the view of Plaintiff's counsel, affords the Plaintiff with significant and meaningful financial benefits and provides a certainty for payment. Importantly, there

5

are no absent class members to take into consideration in analyzing this factor. Plaintiff has signed the attached settlement agreement and affirmatively asks this Court to approve it.

Further, Defendant, upon the advice of its counsel, agrees that this settlement is in its best interest and seeks approval of the Settlement Agreement.

## III.
## PRAYER

WHEREFORE, the Parties respectfully request that the Court review the Agreement attached as Exhibit 1; approve the Agreement as a fair and reasonable compromise and dismiss the Lawsuit with Prejudice as to Plaintiff and Defendant.

Date: October 14, 2019　　　　　　　　　　　Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:　/s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff***

        **WOOD, BOYKIN & WOLTER, P.C.**

By:    <u>/s/ *Frederick J. McCutchon*</u>
       **Frederick J. McCutchon**
       Federal Bar No. 9245
       Texas Bar No. 13512800
       615 N. Upper Broadway, Suite 1100
       Corpus Christi, Texas 78401
       Tel: (361) 888-9201
       Fax: (361) 888-8353
       fjm@wbwpc.com

       ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Clif Alexander*
Clif Alexander