**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| SCOTT MOODY,<br>Individually and on behalf<br>of all others similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>AMW CONSTRUCTION LLC<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:19-CV-00119<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>**COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b)** |

**PLAINTIFF'S UNOPPOSED MOTION TO APPROVE AN AWARD
OF ATTORNEYS' FEES AND LITIGATION COSTS**

**TO THE HONORABLE HILDA G. TAGLE:**

Scott Moody ("Plaintiff" or "Moody") files this Unopposed Motion to Approve an Award of Attorneys' Fees and Litigation Costs ("Motion"), asking that the Court approve the negotiated award of attorneys' fees and costs included in the settlement agreement between the parties.

**I.
PROCEDURAL HISTORY**

On April 24, 2019, Plaintiff Moody filed a collective action lawsuit against Defendant AMW Construction ("Defendant" or "AMW") for the alleged failure to pay the proper amount of overtime compensation for all hours worked over 40 in a workweek in violation of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201, *et seq. See* ECF No. 1. Specifically, Plaintiff alleged that he was not paid for all hours worked or the proper amount of overtime for all hours worked over forty each week.

After reviewing the evidence, the Parties were able to confer and reach a negotiated settlement agreement (the "Settlement Agreement") that included an individual payment to Plaintiff and

1

separately provided for the payment of attorneys' fees and expenses to the undersigned counsel.[1] The Parties filed their Notice of Settlement with this Court on September 4, 2019, and filed their Joint Motion for Approval of Settlement Agreement on October 9, 2019. *See* ECF Nos. 14 and 15, respectively.

## II.
## SUMMARY OF ARGUMENT

Under the FLSA, a prevailing party is entitled to recover its reasonable and necessary attorneys' fees and litigation costs. *See* 29 U.S.C. § 216(b). A plaintiff is a prevailing party in the context of a settlement agreement. *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citing *Tex. State Teachers Ass'n v. Garland Indp. Sch. Dist.*, 489 U.S. 782, 791 (1989); *Buckhannon Bd. And Care Home, Inc. v. W.V. Dep't of Health & Human Resources*, 532 U.S. 598 (2001)). Under the terms of the Settlement Agreement, Plaintiff's Counsel is entitled to recover $6,000.00 in reasonable attorneys' fees and expenses for the hours worked and costs expended on this matter. This amount is fair and reasonable according to the lodestar method adhered to by courts throughout the Fifth Circuit (including this one); the hourly rates requested are reasonable and in line with the market rates in the area; and the hours billed were reasonable, necessary, and aided the advancement of the case. Further, the litigation costs were reasonable and necessary.

## III.
## ARGUMENT & AUTHORITIES

A.  **Plaintiff's Counsel's Fees Are Fair, Reasonable, and a Negotiated Part of the Comprehensive Settlement Agreement**

The FLSA provides that a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b); *Prater*, 2008 WL 5140045, at *2. The FLSA has a fee-shifting provision that

---

[1] Although initially plead as a collective action, Plaintiff did not seek conditional certification, a class was never certified, and no other individuals joined this lawsuit.

specifies that the prevailing party shall recover reasonable attorneys' fees and litigation costs. 29 U.S.C. § 216(b). Indeed, an award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court. *See Prater*, 2008 WL 5140045, at *2 (citing *Kreager v. Solomon & Flanagan P.A.*, 775 F.2d 14 (11th Cir. 1985)). As part of its fairness determination, a court must determine that the proposed attorneys' fees are reasonable. *See Strong v. Bellsouth Telecomms.*, 137 F.3d 844, 849–50 (5th Cir. 1998). Congress has determined that it is important for FLSA rights to be enforced and that reasonable attorneys' fees must be awarded to provide for such enforcement, particularly where the victims of FLSA violations are often low-wage workers whose per-person damages may not be significant and who are relatively unable to pay an hourly fee.

The Fifth Circuit utilizes the "lodestar method" to "access attorneys' fees" in FLSA suits. *Id.* at 850. To calculate the loadstar, this Court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorneys. *Id.* The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate.

    1.    *Lodestar Calculation: Reasonable Hourly Rate*

The first step in computing the lodestar is determining the reasonable hourly rate. To do this, courts look to the prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). To establish the reasonable hourly rate, Plaintiff's Counsel rely on their own affidavits and rates actually billed (and paid) in similar lawsuits within the Southern District of Texas. *See Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 784 (S.D. Tex. 2007); *see also* Declaration of Clif Alexander, hereby attached as Exhibit A.

a) <u>Plaintiff's Attorneys' Biographic Information</u>

Clif Alexander took the lead role in this litigation. Mr. Alexander focuses his practice on representing wage and hour clients throughout the United States—he has been lead counsel in more than 300 individual, collective, and class action wage and hour cases. Mr. Alexander has dedicated his career to handling complex class, collective, and mass action litigation on behalf of injured parties in many types of cases and has worked predominately in the labor and employment context for the last ten years. Mr. Alexander is a zealous advocate for his clients and a dedicated lawyer. Mr. Alexander is a 2008 graduate of South Texas College of Law—Houston and a co-founder of Anderson Alexander, PLLC. Mr. Alexander further represents his clients' interest through leadership positions in state and local organizations, in addition to membership in national and practice specific organizations where he is a frequent speaker on wage and hour issues. Since 2015, Mr. Alexander has served on the Texas Trial Lawyers Association's Board of Advocates/New Lawyers Division, the Corpus Christi Young Lawyers Association's Board of Directors, and was the President of the Corpus Christi Young Lawyers Association from 2015 until 2016. Mr. Alexander has been recognized by his peers for his exemplary performance and has been named a "Rising Star" in the Texas Monthly magazine for the preceding five years. Mr. Alexander is a zealous advocate for his clients and a dedicated lawyer. Mr. Alexander's hourly rate is $450.00.

Lauren Braddy, an attorney with Anderson Alexander, PLLC, also worked on this case. Ms. Braddy began working with Anderson Alexander, PLLC in 2015, and since that time has practiced almost exclusively wage and hour litigation from the inception of the initial client contact through appeal, when necessary. During that time, she has been counsel in over 100 individual, collective, and class action wage and hour cases across the United States—representing thousands of workers. Ms. Braddy works diligently to ensure that that her clients receive the compensation legally owed to them and to effectively communicate with these clients through all phases of the litigation. Ms. Braddy

graduated from Baylor Law School in 2010 with honors. In addition to a robust litigation docket, Ms. Braddy further represents her clients' interests through leadership positions in local organizations, in addition to membership in state and national advocacy organizations. Ms. Braddy was a long-time executive board member for the Corpus Christi Young Lawyers Association and served on the board of directors for six years from 2010 through 2017. Ms. Braddy additionally serves as an active board member for the Coastal Bend Women Lawyers' Association ("CBWLA") and has long been a member of the CBWLA's board of directors. Ms. Braddy has also been recognized by her peers for her legal expertise and has been named a "Rising Star" in Texas Monthly Magazine on five separate occasions. Ms. Braddy's hourly rate is $400.00.

Carter Hastings, an attorney with Anderson Alexander, PLLC, also worked on this case. Mr. Hastings began working with Anderson Alexander, PLLC in 2017, and since that time has practiced almost exclusively in wage and hour litigation. During that time, he has been counsel in over 50 individual, collective, and class action wage and hour cases across the United States. Mr. Hastings graduated from Southern Methodist University's Dedman School of Law in 2016, and since returning to Corpus Christi, Texas, has become an active member in the local bar association, and is currently serving his second-year term as a director of the Corpus Christi Young Lawyers' Association. Mr. Hastings' hourly rate is $350.00.

    b) <u>Evidence of Reasonable Rate</u>

In this legal community, the market rates for complex litigation—like collective actions filed pursuant to 29 U.S.C. § 216(b)—support an hourly rate of upwards of $500.00 for partners, and upwards of $350.00 for junior associate attorneys. *See Novick v. Shipcom Wireless, Inc.,* No. 4:16-CV-00730, 2018 WL 6079348, at *3 (S.D. Tex. Nov. 21, 2018) (Bryan, J.) (approving $550 for partner and $450 for associate in FLSA collective action); *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *3 (S.D. Tex. Jan. 27, 2020) (Ramos, J.) (approving $500.00 for partners and $400 for

associates in a FLSA collective action); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016) (Hanks, Jr., J.) (approving $500.00 for partners and $300 for associate with two years' experience in a FLSA collective action); *Rebollar v. Ortega Med. Clinic, P.L.L.C.*, No. CV 4:18-0846, 2019 WL 3975454, at *3 (S.D. Tex. Aug. 22, 2019) (Atlas, J.) (approving $500 for partner in a FLSA collective action).

Accordingly, Plaintiff's Counsel's respective hourly rates are reasonable considering the skill and expertise of the attorneys involved, and are additionally supported by awards from multiple courts throughout the United States, and most importantly, by courts in the Southern District of Texas.

2. *Lodestar Calculation: Reasonable Number of Hours Expended*

Plaintiff's Counsel have reasonably expended over 20 hours in the investigation and prosecution of Plaintiff's claims against Defendant. *See* Ex. A. This equates to over $8,000.00 in attorneys' fees. The breakdown per attorney is as follows:[2]

| ATTORNEY/STAFF | HOURS | RATE | TOTAL |
|---|---|---|---|
| Clif Alexander | 2 | $450.00 | $900.00 |
| Lauren Braddy | 1.5 | $400.00 | $600.00 |
| Carter Hastings | 19.5 | $350.00 | $6,825.00 |
| Paralegals | 1 | $125.00 | $125.00 |
| | | **FEE TOTAL:** | **$8,450.00** |

This case has been on file since April 24, 2019, and Plaintiff's Counsel have wasted no time in expeditiously litigating this matter. This includes the time expended in speaking with Plaintiff; evaluating Plaintiff's claims against Defendant; drafting Plaintiff's Original Complaint, complying with this Court's requirements to jointly prepare and file a Joint Case Management Plan and Proposed

---

[2] The hours indicated in the chart are supported by descriptive summary of work performed and are detailed in Clif Alexander's declaration. *See* Exhibit A.

6

Scheduling Order, fulfilling the obligations imposed by Federal Rule of Civil Procedure 26, drafting written discovery for Plaintiff to serve on Defendant; creating a detailed damage model for Plaintiff; and negotiating the terms of a settlement agreement, and drafting a final settlement agreement. These activities are detailed in the descriptive time summary included in Clif Alexander's affidavit. *See* Exhibit A.

Upon reaching a comprehensive compromise, fully encompassing all claims, defenses, and expenses for all parties, Defendant's Counsel, with input from Plaintiff's Counsel, prepared a Settlement Agreement that was agreed to by the Parties. The time expended by Plaintiff's Counsel was in the furtherance of tasks that were both reasonable and necessary for the prosecution of Plaintiff's claims. Plaintiff's Counsel has not included time spent researching and drafting motions that were not filed with the Court, and that were not successful before the Court. *See id.* Nor have Plaintiff's Counsel included time on matters not pertinent to the merits of this lawsuit. *See id.*

    3.     *The Lodestar Amount is Reasonable*

This Court should approve the requested hourly rates because they are reasonable, have been approved by courts in other jurisdictions, and are in line with the hourly rates charged by employment attorneys not only in the Southern District of Texas, but throughout the State of Texas. Further, the hours expended by Plaintiff's Counsel and legal staff throughout the one and a half years this case was pending are all reasonable, necessary, and were a part of Plaintiff's eventual success on the merits. Therefore, Plaintiff contends that the lodestar amount of $8,450.00 is fair and reasonable.

**B.**     **Litigation Costs Were Reasonable and Necessary**

In addition to the reasonably and necessary attorneys' fees, addressed above, Plaintiff's Counsel have incurred additional expense in the extended litigation of this matter. To date, the expenses in this case total $1,010.00. This amount includes filing and service fees, legal research and PACER fees. These costs are detailed in the Declaration of Clif Alexander. *See* Exhibit A.

Importantly, these costs are *included* in the net $6,000.00 amount negotiated in the Settlement Agreement between the parties. After deducting the necessary expenditures out of the award, the amount that Plaintiff's counsel will receive in fee is only $4,990.00, an amount that accounts for less than the applicable lode star amount that Plaintiff would have been entitled to had he prevailed before a jury—in addition of course to the fees and costs that would have been incurred through trial on the merits.

Although Plaintiff's Counsel would be entitled to an attorneys' fee award of $8,450.00 based on the lodestar, as calculated above, in addition to the $1,010.00 in reasonably and necessarily incurred expenses, Plaintiff's Counsel have agreed to a reduced fee award that is below the applicable lodestar. That is, instead of seeking the full $9,460.00 (attorneys' fees and costs), Plaintiff's Counsel have agreed to a total fee award of $6,000.00, inclusive of costs and expenses, to facilitate a final resolution of this matter.

### C.     No Upward (or Downward) Departure Is Warranted

After calculating the lodestar, the Court must consider whether to adjust the fee upward or downward. *Prater*, 2008 WL 5140045, at *3. There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 800 (5th Cir. 2006). This is because "the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." *Penn. v. Del. Valley Citizens' Counsel*, 478 U.S. 546, 565–66 (1986). However, after calculating the lodestar, the court may adjust the lodestar amount upward or downward based upon its analysis of twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). *Id.* The twelve factors enumerated in *Johnson* are as follows: (1) the time and labor required to represent the client or clients; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee charged for those services in the relevant community; (6) whether the

fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) The *amount involved and the results obtained;* (9) the *experience, reputation, and ability of the attorney*; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19 (emphasis added).

### a. Time and Labor Required

Prosecuting this matter to a successful settlement for the benefit of the Plaintiff required Plaintiff's Counsel to expend a significant amount of time by the attorneys, including substantial legal and factual research and engaging in settlement negotiations. Plaintiff's Counsel's hours are addressed more fully above. Litigating FLSA cases involve fact intensive-issues that require a large time investment, in addition to skill and experience. *Miller v. Prominence Sec. Agency, Inc.,* No. CIV. A. H-08-978, 2009 WL 3858394, at *5 (S.D. Tex. Nov. 17, 2009) ("this is a FLSA case, and hence required some specialized knowledge"). The time and labor expended support the requested fee.

### b. Novelty and Difficulty of Question Presented by the Case

Representing a Plaintiff in a lawsuit under the FLSA involves a specialized area of the law and requires counsel with the requisite experience. Defendant asserted multiple affirmative defenses and counterclaims to Plaintiff's claims, including but not limited to Defendant's argument that Plaintiff had not worked all the hours he self-reported.

### c. Skill Required and Ability of Plaintiff's Counsel

Plaintiff's Counsel addressed the requisite skills and abilities of the undersigned counsel when addressing the reasonableness of the requested rates. *See also* Exhibit A. Plaintiff's Counsel thereby had the requisite reputation, skill, and specialized experience to perform the legal services required in this lawsuit.

>   **d.  The Undesirability of the Case and the Preclusion of Other Employment by the Attorneys due to Acceptance of the Case**

Addressing the fourth and tenth factors, Plaintiff's Counsel undertook significant risk in agreeing to represent Plaintiff in this case. Wage and hour cases are complicated and time-consuming matters. Any attorney undertaking these types of cases must be prepared to make tremendous investments of time, energy, and financial resources in order to appropriately pursue them. *See In re Qwest Communications Intern., Inc. Securities Litigation*, 625 F.Supp.2d 1143, 1152–53 (D. Colo. 2009). Plaintiff's Counsel is limited by time and cannot pursue every wage and hour claim and must necessarily choose which clients they will be able to represent, considering the time and expense inherent in every case.

>   **e.  Amount Involved and Results Obtained**

Here, the Gross Settlement Amount represents a significant recovery on behalf of Plaintiff—Defendant raised strong arguments that Plaintiff had been properly paid for all hours worked. Importantly, Plaintiff received all of his disputed unpaid back wages and a significant amount of liquidated damages. Even had Plaintiff gone to trial, his recovery would not have been much higher. Accordingly, the settlement amount is well within the available range of recovery, and the uncertainty of the damages (and the uncertainty of collection) favor settlement.

In sum, the Gross Settlement Amount represents an excellent result given the circumstances of the case, and thus, the "amount involved and results obtained" factor supports the proposed fee award.

>   **f.  Any Time Limitations Imposed by the Client or the Circumstances**

The FLSA provides a maximum three-year statute of limitations on claims. *See* 29 U.S.C. § 255(a). The statute of limitations for the FLSA claims of potential opt-in plaintiffs is not tolled by the filing of Plaintiff's complaint, but rather by the opt-in plaintiff filing his/her written consent with the

court. *See id.* Here, Plaintiff did not pursue conditional certification, so time limitations do not support the upward, or downward, departure from the lodestar amount.

## IV.
## CONCLUSION

Plaintiff has submitted evidence before this Court in support of the reasonableness of the hourly rates for Plaintiff's Counsel in this District and Division, have further provided detailed evidence supporting the number of hours Plaintiff's Counsel have worked on this matter, and have identified their reasonable and necessary litigation costs. Plaintiff has further established that the *Johnson* factors do not warrant an upward (or downward) departure from the established lodestar amount. Because the negotiated Settlement Agreement provides a full recovery of the disputed unpaid back wages for Plaintiff and for a separate award of attorneys' fees that is less than the lodestar amount in this matter, it is fair and reasonable. Plaintiff therefore respectfully requests that this Court approve the requested fee and cost amount.

Date: March 13, 2020

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff Moody***

**CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with Defendant's counsel of record and they are unopposed to the filing of this Motion and the relief requested herein.

*/s/ Clif Alexander*
Clif Alexander

**CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2020, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Clif Alexander*
Clif Alexander